GEORGE PETRIE et al., Executors, etc., Appellants and Respondents, *v.* HORACE H. ADAMS, Impleaded, etc., Appellant and Respondent.

In an action to foreclose a mortgage of $1,100, the only question in controversy was as to the priority of the liens of the mortgage and a judgment against the mortgagor, held by one of the defendants, upon which less than $300 was due. Upon appeal to this court, *held*, that the amount in controversy was the amount due on the judgment, and that, as this was less than $500, the judgment below was not appealable.

(Submitted October 5, 1877; decided October 10, 1877.)

THESE were cross-appeals from judgment of the General Term of the Supreme Court, in the fourth judicial department, modifying and affirming, as modified, a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendant Reese to the plaintiffs for the sum of $1,100, and interest. Defendant Adams held a judgment against the

mortgagor for the sum of $132.05, prior in date to the mortgage. This was set forth in the complaint, and facts were alleged, upon which plaintiffs claimed, and asked for a judgment adjudging that the lien of the mortgage was subsequent and subordinate to that of the judgment. Adams appeared and answered, and the only question in controversy was as to the priority of the liens. The Special Term decided in favor of plaintiffs. The General Term held that $500 of plaintiffs' mortgage was entitled to a preference over the judgment, but that the residue of the mortgage was subordinate to the judgment; and directed that the judgment below be modified accordingly. Both parties appealed.

*Levi H. Brown*, for plaintiffs.

*F. W. Hubbard*, for defendant.

ALLEN, J. Plaintiffs and defendant Adams bring cross-appeals from the judgment of the Supreme Court modifying and as modified affirming the judgment of the same court at Special Term. The sole controversy is as to the priority of the liens of the respective parties, the plaintiffs claiming in virtue of the mortgage to foreclose which this action was instituted, and the defendant claiming a prior lien on the mortgaged premises under a judgment against the mortgagor on which there is due less than three hundred dollars. There is no controversy as to the validity of the respective incumbrances or the amounts due thereon, and the only question is as to which is entitled to a preference. The judgment at Special Term deferred the judgment to the mortgage, and the judgment of the court at General Term gave the mortgage a preference for only a portion of the amount due thereon, and deferred the lien of the mortgage for the residue to that of the judgment. The only question, therefore, is whether the judgment shall be paid in preference to the mortgage or a part of it. If the plaintiffs succeed in their appeal, and the judgment is postponed to the entire mort-

gage, the defendant may not be able to collect his judgment. from the mortgaged premises; and if the defendant succeeds in his appeal, and the judgment is given a preference and priority in payment to the mortgage, the plaintiffs may to the amount of the judgment be deprived of the benefit of the mortgage. The amount in controversy, is therefore, the amount due on the judgment less than three hundred dollars. The question is the same, so far as the amount in controversy is concerned, as if payment of the judgment had been set up in answer to it as an alleged lien upon the premises. Neither party can gain or lose more than the amount due upon the defendant's judgment by any judgment that has been or can be given. "The matter in controversy, excluding costs, is less than five hundred dollars," and an appeal cannot be taken without an order of the Supreme Court. (Code, § 191, sub. 3, Laws of 1874, chap. 322.) This court has no jurisdiction in the premises.

The appeals must be dismissed, and as both parties have appealed, the dismissal is without costs to either party as against the other.

All concur, except FOLGER and RAPALLO, JJ., absent.

Appeals dismissed.